UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TATANISHA SMITH,

    Plaintiff,

v.

    File No. 1:l4-cv-1031

    HON. ROBERT HOLMES BELL

SPECTRUM HEALTH SYSTEM,

    Defendant.
_____/

## OPINION

This is a race discrimination and retaliation action brought by Plaintiff TaTanisha Smith, a home health aide, against her former employer Defendant Spectrum Health System. Plaintiff has filed a motion in limine to preclude Plaintiff's former patient's daughter from testifying. (ECF No. 29.) Defendant filed a response on September 8, 2015. (ECF No. 34.) For the reasons that follow, Plaintiff's motion in limine will be denied.

### I.

Plaintiff TaTanisha Smith is an African American woman who was employed as a home health aide with Spectrum Health System from 2009 through 2014. On March 25, 2014, Plaintiff was assigned to a new patient on a 2:00 pm to 9:00 pm shift that day. On March 26, that patient's daughter contacted Spectrum Health to complain that Plaintiff was late, unhelpful, and used her cell phone. Plaintiff's supervisor, Maria Sobol, scheduled an investigatory meeting with Plaintiff and a Human Resources representative, Molly Getchell, on April 1 and again on April 7 to discuss the daughter's concerns. At the April 1 meeting, Plaintiff described her interactions with the client and her daughter and her feeling that the daughter was racist. At the conclusion of the April 1 meeting,

Plaintiff inquired as to what would happen next and whether she would receive a disciplinary write-up or be terminated. Ms. Getchell said that she did not know what would happen next. At the April 7 meeting, Plaintiff stated that she had been kicked off of a case because of her skin color and asked if she needed a lawyer to protect herself.

On April 14, 2014, Defendant terminated Plaintiff's employment. Defendant proffers a legitimate, nonretaliatory reason for firing Plaintiff: she arrived late for her shift, falsified her time sheet, and acted unprofessionally by lying during an investigation about using her cell phone for a personal phone call, by falsifying that she had reviewed the client's care plan, and by assisting the client, who had dementia and poor motor skills, to sign and verify her time sheet. Plaintiff argues that Defendant's reasons are merely pretext, and that retaliation was the true reason for Defendant's action.

## II.

Defendant seeks to introduce the testimony of the patient's daughter, "primarily for impeachment/rebuttal purposes regarding her interaction with plaintiff, her dissatisfaction with plaintiff's job performance, and her expression of dissatisfaction with plaintiff's performance to defendant." (ECF No. 29-2, Ex. 1.) Plaintiff argues that any testimony from the patient's daughter is irrelevant under Federal Rule of Civil Procedure 401 or, in the alternative, that any relevance it may have is more prejudicial than it is probative under Rule 403. Defendant argues that the patient's daughter's testimony is highly relevant and not prejudicial.

The Court finds that the probative value of the patient's daughter's testimony is not substantially outweighed by a danger of unfair prejudice. The complaint from the patient's daughter triggered the investigation that ultimately led to Plaintiff's termination. Contrary to Plaintiff's

assertion, Plaintiff was not discharged solely because of fraud related to her time sheet. Plaintiff's discharge notice states that Plaintiff was late, falsified her time sheet, and acted unprofessionally by lying during an investigation about using her cell phone for a personal phone call, by falsifying that she had reviewed the client's care plan, and by assisting the client, who had dementia and poor motor skills, to sign and verify her time sheet. (Discharge Notice, ECF No. 29-3, PageID #348.) As Defendant notes, the patient's daughter's testimony bears directly on whether the reasons for Plaintiff's termination were legitimate rather than pretextual.

Plaintiff takes further issue with the fact that the identity of the patient's daughter was not disclosed until August 31, 2015, in Defendant's Amended Initial Disclosures. While Plaintiff does not explicitly say so, she presumably takes issue with the fact that the patient's daughter's name was not listed in Defendant's Rule 26(a)(1) initial disclosures. Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to list the name of "each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Similarly, Rule 26(a)(3), governing pretrial disclosure of witnesses, pertains to evidence that parties may present at trial "other than solely for impeachment." Fed. R. Civ. P. 26(a)(3). As Defendant plans to call the patient's daughter "primarily for impeachment/rebuttal purposes," the failure to disclose the patient's daughter's name at an earlier date is not material.

**III.**

For the reasons stated above, Plaintiff's motion in limine to preclude her patient's daughter from testifying will be denied.

The Court will issue an Order consistent with this Opinion.

Dated: <u>September 11, 2015</u>          /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE

3